```
                    UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF TEXAS
                           McALLEN DIVISION

EDUARDO REYES DE LA ROSA,              )
     Petitioner,                       )       v.
                                       )
                                       )
NORMA LIMON, FIELD OFFICE DIRECTOR USCIS )
ALEJANDRO MAYORKAS, SECRETARY DEPARTMENT )
   OF HOMELAND SECURITY,               )
MERRIK GARLAND, UNITED STATES ATTORNEY  )
   GENERAL, AND                        )
THE UNITED STATES OF AMERICA.          )
                                       )
```

## PETITION FOR WRIT OF HABEAS CORPUS AND
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

EDUARDO REYES DE LA ROSA, through counsel, files the instant petition for writ of habeas corpus, and complaint for injunctive and declaratory relief.

### I.   INTRODUCTION

Plaintiff herein challenges the re-interpretation of 8 C.F.R. §274a.12(c)(9), pursuant to which Defendants now consider that applications for adjustment of status which have been denied by INS [1] but cannot be renewed before an Immigration Judge, because Defendants have not yet issued and filed a Notice to Appear before the EOIR, are not pending within the meaning of said regulation.

The re-interpretation of said regulation, pursuant to which Defendants recently refused to renew Plaintiff's Employment Authorization Document, ("EAD"), has caused substantial hardship to Plaintiff and his U.S. citizen family. [2]

---

[1] The Immigration and Naturalization Service, and its successor, the Bureau of Citizenship, and Immigration Services of the Department of Homeland Security, are both referenced as "INS."

[2] Juan Antonio Rodriguez-Ryes v. Cowen 7:09-cv-0256- A similar action was filed several years ago as a class action, but Defendants granted relief to all the named Plaintiffs therein. *Rafaela Fuentes*

## II.   JURISDICTION AND VENUE

1.   Plaintiff is a Mexican national who has resided in Texas since approximately 2000, and is currently domiciled in Pharr, Texas. In 2022, through his U.S. daughter, Mr. REYES applied for lawful permanent resident status, on the basis of which he was able to obtain EADs.  His adjustment application was denied on January 8, 2024, and he has been awaiting the filing of a Notice to Appear, so that it could be renewed before an Immigration Judge.  Until January 8th of 2024, he was able to renew his EADs, based on the pendency of his adjustment application.  His latest application was denied (Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from days from the date of his notice, unless you submit, within 18 days, proof that your Form I-485 remains pending, due to a re-interpretation of the pertinent regulation.  As a result, he is unable to lawfully seek employment, or travel within the United States.  This places significant restrictions on his liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963), and constitutes custody for purposes of 28 U.S.C. §2241.  Plaintiff's (sealed) Exhibit A, incorporated herein.

2.   All Defendants are federal agents or entities that conduct business within the jurisdiction of this Court.

3.   Jurisdiction lies under 28 U.S.C. §§ 1331 (federal question), 1346(a)(2) (actions against officers of the United States, 2201 et seq, (the Declaratory Judgment Act), and 2241 (habeas corpus), with 5 U.S.C. §702 et seq, (the Administrative Procedure Act).

## III.   THE PARTIES

---

*de Garza et al v. Alfonso De Leon et al*, CA M-04-238.  However, as seen herein, the problem persists.

4.   Plaintiff EDUARDO REYES DE LA ROSA, ("Mr. Rodriguez"), is a native and citizen of Mexico, and resident of Pharr, Texas.

5.   Defendant NORMA LIMON is the Field Office Director of the Harlingen District Office, USCIS an agency of the Defendant United States of America, which is responsible for adjudicating applications for adjustment of status, and who denied the case and revoked his EADs from residents the Rio Grande Valley.  Defendant ALEJANDRO MAJORKAS is the duly appointed Secretary of the Department of Homeland Security.   Defendant MERRIK GARLAND is the duly appointed Attorney General of Defendant the United States.  All Defendants are sued in their official capacities only.

### III.   THE FACTS

6.  In September 2, 2022, through his U.S. daughter, Larissa Anahi REYES SANCHEZ, Petitioner EDUARDO REYES DE LA ROSA filed a fee-paid application to adjust his status to that of a lawful permanent resident.  On August 2022 he submitted an extensive explanation with several supporting documents, showing the manner of applicants last entry, at which time he was inspected and admitted by presenting his Mexican passport with a B1/B2/BCC visitor's visa in the passport. Explaining that the original entry document (passport) used at the time of the applicant's last entry had been lost and could not be submitted. (Exhibit 1)

7.  On February 234 2023, Mr. REYES DE LA ROSA with the assistance of the undersigned counsel in responding to the request for evidence on his pending application to adjust status and his ability to continue/renewing his EAD.  Based on 8 C.F.R. §274a.12(c)(9), which allows for employment authorization during "any period when an administrative appeal or judicial review of an application [for adjustment of status] ... is pending," counsel assisted Mr. REYES

DE LA ROSA in filing applications for EADs, in 2022, asserting eligibility because he had a pending application to adjust status. Said application was granted until April 26, 2025- (See Exhibit 2) However, on January 8, 2024 USCIS denied his application for adjustment of status stating that DHS records fail to show any entry by him on April 16, 2000 and therefore he failed to show he was inspected and admitted. That is despite the fact that on April 16, 2000 DHS didn't have in place a system to keep records of entry at their Laredo POE. With the denial USCIS states that "any unexpired employment authorization based upon this form I-485 is revoked as of 18 days from the date of notice, unless you submit, withing 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The notice of denial specified that there was no administrative appeal from the denial. Exh. 3

8. Mr. EDUARDO REYES DE LA ROSA has no means of forcing Defendants to initiate removal proceedings before the Immigration Judge. He therefore cannot renew his adjustment application, or his EAD. As a result, he and his family are enduring great hardship.

9. Mr. EDUARDO REYES DE LA ROSA considers it highly likely that, once he can be heard by an Immigration Judge, his application for adjustment of status will be granted since he will be able to demonstrate that on April 2000 he was inspected and admitted at the Laredo POE, and the fact that DHS has no records of said entry, is that back then DHS didn't have a system in place to keep those records, and he will become a lawful permanent resident of the United States.

### IV. THE CAUSES OF ACTION
### A. HABEAS CORPUS

10. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 9 above.

11. Plaintiff contends that he is eligible for an EAD from when he properly filed his application for adjustment of status, until such time as he is either finally ordered removed, or granted lawful permanent resident status.  8 C.F.R. §274a.12(c) (emphasis added):

> (c) Aliens who must apply for employment authorization. An alien within a class of aliens described in this section must apply for work authorization. If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document. **BCIS, in its discretion, may establish a specific validity period for an employment authorization document, which may include any period when an administrative appeal or judicial review of an application or petition is pending.**
> ...
> (9) An alien who has filed an application for adjustment of status to lawful permanent resident pursuant to part 245 of this chapter. For purposes of section 245(c)(8) of the Act, an alien will not be deemed to be an "unauthorized alien" as defined in section 274A(h)(3) of the Act while his or her properly filed Form I_485 application is pending final adjudication, if the alien has otherwise obtained permission from the Service pursuant to 8 CFR 274a.12 to engage in employment, or if the alien had been granted employment authorization prior to the filing of the adjustment application and such authorization does not expire during the pendency of the adjustment application. Upon meeting these conditions, the adjustment applicant need not file an application for employment authorization to continue employment during the period described in the preceding sentence;

12.  The clear intent of the above regulation is to permit adjustment applicants to be employed while their applications are pending, including through periods of administrative and judicial review. Since there is no "administrative appeal" from the denial of an application for adjustment of status, [3] and Plaintiff has no control

---

[3]  *See,* 8 C.F.R. §245.2(a)(5)(ii).

5

over the filing of an NTA, to enable him to pursue his application before an IJ, he urges that Defendants erred in "re-interpreting" said provision to exclude the period of time between the denial of his properly filed application by INS, and when that application can be renewed before an Immigration Judge.

13. Defendants' new interpretation is particularly onerous, given the lengthy period involved. Mr. REYES DE LA ROSA applications were denied in 2024, and he has not yet been placed in proceedings with an IJ, to enable him to pursue them in that forum.

14. The denial of his application places significant restrictions on his liberty not shared by the populace at large, and, under the APA, is cognizable in habeas corpus. *See,* 5 U.S.C. §703:

> Form and venue of proceeding. The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

*See also,* 5 U.S.C. §706:

> Scope of review.
>
> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall

6

```
── (1) compel agency action unlawfully withheld or
unreasonably delayed; and (2) hold unlawful and set aside
agency action, findings, and conclusions found to be ──
 (A) arbitrary, capricious, an abuse of discretion, or
otherwise not in accordance with law …
```

15. The denial of his application to renew his EAD is a final agency action under the APA. Said application was denied purely on a question of law, rather than on discretionary grounds. Thus, review is not barred by 8 U.S.C. §1252(a)(2)(B). *See, e.g., Mireles-Valdez v. Ashcroft,* 349 F.3d 213, 216 (5th Cir. 2003) (emphasis in original) ("In the light of the consistent interpretation given § 1252(a)(2)(B), we hold: its ban on review of "judgment[s] regarding the granting of relief" precludes review only of *discretionary* decisions").

### B. DECLARATORY AND INJUNCTIVE RELIEF

16. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 15 above.

17. Plaintiff further seeks a declaratory judgment, and corresponding injunctive relief. He urges this Court to declare that, under the plain meaning of 8 C.F.R. §274a.12(c)(9), he is eligible for an EAD from when he properly filed his application for adjustment of status, until such time as he is either finally ordered removed, or granted lawful permanent resident status.

18. In the alternative, Plaintiff urges the Court to declare that Defendants have not provided any explanation for the change in their interpretation of said provision, let alone one sufficient to be afforded *Chevron* deference.

19. Plaintiff therefore seeks an injunction, enjoining Defendants from refusing to reopen, *sua sponte,* and grant, Plaintiff's fee-paid

application, filed October 28, 2008. to renew his EAD.

## V. CONCLUSION

Plaintiff seeks a Writ of Habeas Corpus, as well as Declaratory and Injunctive relief.  He seeks a declaration that applications for adjustment of status are deemed to be continuously pending for purposes of eligibility for employment authorization from the time said applications are properly filed, until they are fully and finally adjudicated. He also seeks corresponding injunctive relief, enjoining and restraining Defendants from refusing to renew his EAD between the denial of an application for adjustment by INS, and the final determination of said application in removal proceedings, including any judicial review thereof.  Plaintiff also seeks attorney's fees, and such other and further relief as the Court may deem appropriate.

Respectfully Submitted,

s/  Jaime Diez,
Attorney
PO BOX 3070
Brownsville, TX 78523
(956) 544-3565
Texas Bar 00783966
Fed. ID.  23118